McCorkle  v.  Lawrence.

---

## J. H. McCorkle v. H. Lawrence.

A plaintiff made a witness, at the instance of defendant, who was sued on a note, as to certain accounts pleaded by the latter in set-off, on admitting the justness of the account of defendant, has a right to state such matters as are essential to his defence, to prove that though the account was just, yet that it had been paid or otherwise compensated

The execution of a note raises the presumption that there was a settlement of the antecedent liabilities of the parties.

Appeal from Smith.   Tried below before Hon. John Gregg. The material facts are stated in the Opinion.

*J. C. Robertson*, for appellant.

HEMPHILL, CH. J.   The plaintiff, Lawrence, sued the de. fendant, McCorkle, on a note for six hundred and seventy-eight 61-100 dollars, dated April 4th, 1857.

The defendant pleaded in offset accounts for 1851, 1852, 1853 and 1855, amounting altogether to eigthty-four dollars and sixty-eight cents.   The plaintiff amended his petition excepting to the answer, and pleading the Statute of Limitations to the account which was barred, with the exception of eighteen or nineteen dollars.   The plaintiff being made a witness

by defendant testified that defendant's accounts were just, but that defendant owed him more by way of account than he owed the defendant.   He also stated the consideration of the note to be the balance of a land trade between the parties; that they might have said something about the mutual settlement of their accounts that day, and did settle them, but nothing was said about crediting the account due from plaintiff to defendant on the note, because defendant owed plaintiff more by way of account than plaintiff owed him, and had remitted as much ; and defendant's attorney showing witness an account against defendant, he stated that was his account against defendant, amounting to more than the account of the defendant against him.

The objection and error alleged is, that the plaintiff was allowed to testify to his account by way of reply to defendant's set-off, without pleading it by amendment or replication.

The note having been executed after these accounts were contracted, the presumption of law is, that there was a settlement of the mutual liabilities of the parties.   But admitting that these accounts were not included in the settlement, we are of opinion that under the circumstances the Court did not err in overruling the objection to the evidence of the plaintiff. He was made a witness at the instance of defendant, and on admitting the justness of the account of defendant he had a right to state such matters as were essential to his defence, to prove that though the account was just, yet that it had been paid or was compensated by accounts due from defendant to plaintiff.   This would be more especially the rule where the demand was small, as was the case in this instance ; in fact far below the jurisdiction of a Magistrate ; and in relation to which much strictness of pleading should not be required.

In Bradley's Admr's v. Bradley, (13 Tex. R. 263,) the defendant was sued for the recovery of five hundred dollars, the property of the deceased intestate.   Whether the defendant pleaded at all does not appear, but in answer to interrogato-

McCorkle v. Lawrence.

ries propounded by plaintiff, he stated that he had obtained the money a few days before the death of intestate, who was his brother ; that it had been given to him by his brother, ($400,) for his two children, and the balance for himself. It was held that the answer of defendant was fully warranted by the Statute. How the defendant obtained the possession of money, and for what purpose, were matters naturally suggested by and connected with the answers to the interrogatory. While his answer charged him with the possession of the money, it was necessary for his defence to explain how and for what purpose he came into possession. There is but little difference in principle between the answer in that case and in this. The defendants, by their answers, charge themselves with the debts, and they have a right to state other facts for their defence. (Art. 737.) It is not necessary, in this case, to examine the question as to the matters which should be pleaded by plaintiff in reply, or by amendment, to the plea of set-off by defendants. The subject has been considered in 2 Tex. R., (163, 541, 576.)

The matters set up by defendant, in his answer, are regarded as denied by the plaintiff, without formal reply. In Hall v. Hodge, (2 Tex. R. 323,) the defendant having pleaded set off, the plaintiff replied the Statute of Limitations. The defendant proceeded or attempted proof of his account, as if it had been denied on the general issue.

There is no error in the judgment, and the same is affirmed.

Judgment affirmed.